UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Renee M. West, | ) C/A: 4:12-3239-RBH-KDW |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Bi-Lo, LLC, | ) |
| Defendant. | ) |

Plaintiff, Renee M. West, ("Plaintiff"), proceeding pro se and *in forma pauperis*, brings this civil action against Defendant Bi-Lo, LLC ("Defendant"). Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Plaintiff's pleadings in accordance with applicable law, the court recommends that this case be summarily dismissed, without prejudice and without issuance and service of process, because this court lacks jurisdiction over this case.

I. Background

A. Plaintiff's Allegations

Plaintiff alleges that, on August 16, 2012, at approximately 7:15-7:30 a.m., in the Bi-Lo grocery store located at 500 Pamplico Highway, Florence, South Carolina, Defendant was negligent in its duty to maintain its floor in a reasonably safe condition and allowed standing water to accumulate in the frozen food aisle of the store. Plaintiff alleges that, while she was in the store buying groceries, she slipped and fell "violently to the floor" and "upon standing[,] due to massive amounts of water[,] Plaintiff fell again" and "had to crawl out of the substance causing her and her attire to be wet." ECF No. 1 at 3-4. Plaintiff alleges that, "while crawling to a safe area Plaintiff had to hold freezer handles for leverage." *Id.* at 4. Plaintiff alleges that she "woke up on . . . August 17

in severe pain and visited the McLeod Hospital an[d] receive[d] care and per ER doctor made arrangement[s] to be examine[d] by another physician." *Id.* Plaintiff alleges that, after the accident, the manager asked her to come back for the accident report, but that each time she returned there was always an excuse. Plaintiff asks for "judgment against defendant for damages and pain and suffering for the medical expenses incurred as a result of the incident." *Id.* at 5. In her Pro se Non-Prisoner Complaint Form, Plaintiff does not specify an amount of damages in the "Relief" section. *See id.* However, on the Civil Cover Sheet that Plaintiff filed with her Complaint, she indicates that she demands $16,000.00 from Defendant. *See* ECF No. 2 at 1. Plaintiff indicates that she is a resident of Florence, South Carolina. *Id.*; *see also* ECF No. 1 at 2. Plaintiff indicates on her Civil Cover Sheet that she believes that Defendant is incorporated and that its "county of residence" is Florence, South Carolina. ECF No. 2 at 1. Plaintiff has submitted a proposed summons for "Bi-Lo Grocery Store (Store Manager), 500 Pamplico Hwy, Florence, S.C. 29506." *See* ECF No. 5.

    B.    Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, the court has carefully reviewed the pro se complaint. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute

allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31.

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon*, 574 F.2d at 1151. The court is required to liberally construe pro se complaints to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

II.      Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking, Inc.*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). To this end, Rule 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.*

Generally, a case can be originally filed in a federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332, and "[t]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). Additionally, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If, in viewing the allegations in the light most favorable to Plaintiff, the court finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.* Such is the case here.

4

First, the essential allegations contained in Plaintiff's Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this court's federal question jurisdiction. Second, there is no clear basis for a finding of diversity jurisdiction in this case. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554-55 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16. Here, Plaintiff fails to clearly plead diversity jurisdiction, asserting that both parties are located in Florence, South Carolina. In addition, the actual amount in controversy here does not meet the $75,000.00 minimum for diversity jurisdiction under § 1332. To the extent that Plaintiff's Civil Cover Sheet and her Pro se Party's Answers to Rule 26.01 Interrogatories assert an amount in controversy, it appears that Plaintiff seeks $16,000, which falls far short of this court's requirement.[1]

---

[1] In her Pro se Party's Answers to Rule 26.01 Interrogatories, Plaintiff states that "The basis for asserting the claim in this division is jurisdictional limit on the damages exceed[s] the other court." ECF No. 4 at 1. Plaintiff does not identify the "other court" she references.

The court notes that the South Carolina Magistrates Court has a jurisdictional limit of $7500, *see* S.C. Code § 22-3-10(1), but civil actions involving amounts in controversy in excess of $7,500.00 are within the jurisdiction of the South Carolina Circuit Court (the Court of Common Pleas).

III.     Conclusion

For the foregoing reasons, the court recommends that the instant Complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 14, 2012                                    Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).